# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY JONES, | : |
|     Petitioner | : |
| |   CIVIL ACTION NO. 3:14-2282 |
| v. | : |
| |   (Judge Mannion) |
| CYNTHIA ENTZEL, | : |
| Acting Warden | |
|     Respondent | : |

## MEMORANDUM

Petitioner, Anthony Jones, an inmate currently confined in the Schuylkill Federal Correctional Institution, ("SCI-Schuylkill"), Minersville, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). He challenges a sentence imposed by the United States District Court for the Western District of Pennsylvania. For the reasons set forth below, the Court will dismiss the petition for writ of habeas corpus for lack of jurisdiction.

## I.     Background

On January 10, 2006, the defendant, Anthony Jones, was indicted by a grand jury on charges of conspiracy and drug distribution. (See United States v. Barnes, et al, Criminal Action No. 1:06-cr-0001-DSC (USDC W.D. Pa.) at Doc. 440). On July 25, 2006, Jones entered a plea of guilt pursuant to

a written plea agreement. Id. Paragraph A(8) of the plea agreement stated that Jones "waive[d] the right to take a direct appeal from his conviction or sentence" and "waive[d] the right to file a motion to vacate sentence, under 28 U.S.C. §2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence." Id.

Prior to sentencing, Jones and the government disagreed as to the applicability of section 3B1.1 of the Sentencing Guidelines which provides for an offense level increase on the basis of Jones' leadership role in the conspiracy. Id. On December 5, 2006, the District Court conducted an evidentiary hearing to determine whether the 3B1.1 increase was appropriate. Id. After determining that Jones was a "central cog in the conspiracy" to distribute cocaine, the Court applied the 3B1.1 enhancement on December 6, 2006. Jones was sentenced to a term of imprisonment of 292 months incarceration. Id.

Jones filed a timely appeal to the Third Circuit, arguing that his appellate waiver was invalid because the application of the 3B1.1 enhancement constituted an "unconstitutional sentencing practice[]." See United States v. Jones, 261 Fed. Appx. 412 (3rd Cir. 2008). The Third Circuit ultimately concluded that Jones had "knowingly and voluntarily waived his right to

appeal" and, accordingly, enforced the waiver provision and dismissed the appeal. Id. at 415.

On February 6, 2009, Jones filed a motion to vacate, set aside or correct sentence pursuant to 18 U.S.C. §2255. (See United States v. Barnes, et al, Criminal Action No. 1:06-cr-0001-DSC (USDC W.D. Pa.) at Doc. 340). In his 2255 motion, Jones asserted that his attorney offered ineffective assistance at sentencing by 1) failing to object to the 3B1.1 enhancement on the ground that the government had promised during plea negotiations not to seek an enhancement under that provision, and 2) failing to offer mitigation evidence in support of a downwards sentencing departure pursuant to §4A1.3(b). Id.

On August 13, 2010, following an evidentiary hearing, the District Court denied Jones' 2255 Motion after concluding that Jones had knowingly and voluntarily waived his right to collaterally attack his sentence. (See United States v. Barnes, et al, Criminal Action No. 1:06-cr-0001-DSC (USDC W.D. Pa.) at Doc. 364). Following a timely appeal, the Third Circuit remanded for the limited purpose of having the District Court decide whether to issue a certificate of appealability. Id at Doc. 365. On September 3, 2010, the District Court issued the following ruling:

> After thoroughly reviewing Jones' 2255 motion, the government's response, the testimony taken at the evidentiary hearing, and the Court's August 13, 2010 Order, I conclude that a certificate of appealability is not warranted in this case.

Id. at 366. On March 16, 2011, the Third Circuit similarly denied Jones' request for a certificate of appealability, holding that "reasonable jurists would not find it debatable whether the request states a valid claim of the denial of the constitutional right" and noting that "Jones [had] failed to show that his waiver was not knowing and voluntary." Id. at Doc. 377.

On May 16, 2011, Jones filed a "Motion for out of Time to Support Appellant Certificate of Appealability." Id. at Docs. 382, 385. In his motion, Jones again raised the same issues previously raised in his 2255 motion and his prior appeal to the Third Circuit. Id. On April 6, 2012, the District Court rejected this new motion on the basis of the same waiver provision, noting that "Defendant has already received the exact review to which he was entitled, to wit, 'two bites at the appeal certificate apple.'" Id. at Doc. 421 (quoting Hunter v. United States, 101 F.3d 1565, 1575 (11th Cir. 1996) (en banc).

Petitioner subsequently filed two "Motion(s) for Challenging the Court Memorandum Order," advancing the same arguments which had previously been determined to have been waived by the District Court and by the Third

Circuit on multiple occasions. Id. at 423, 436. By Memorandum Opinion dated April 12, 2013, the District Court denied Petitioner's motions and a certificate of appealability. Id. at 440.

On December 1, 2014, Jones filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, in which he seeks a four point reduction in his sentence, alleging application of the 3B1.1 enhancement constituted an unconstitutional sentence. (See Doc. 1, petition).

## II. **DISCUSSION**

Federal prisoners seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. §2255. See 28 U.S.C. §2255(e). Section 2255(e) provides that:

> An application for a writ of habeas corpus [pursuant to §2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§2255] shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. §2255(e). To that end, the Court of Appeals for the Third Circuit has observed that "[m]otions pursuant to 28 U.S.C. §2255 are the

presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 343 (1974)). Section 2255(e) specifically prohibits federal courts from entertaining a federal prisoner's collateral challenge by an application for habeas corpus unless the court finds that a Section 2255 motion is "inadequate or ineffective." Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). This safety valve language in Section 2255(e) has been strictly construed. See Application of Galante, 437 F.2d 1164, 1165–66 (3d Cir. 1971) (concluding that unfavorable legal standards in circuit where sentencing court was located do not render Section 2255 remedy inadequate or ineffective); Millan–Diaz v. Parker, 444 F.2d 95, 97 (3d Cir. 1971) (concluding that doubts about the administration of a Section 2255 motion in particular do not make the remedy inadequate or ineffective); United States ex rel. Leguillou v. Davis, 212 F.3d 681, 684 (3d Cir. 1954) (holding that even if the sentencing court incorrectly disposes of a proper motion under Section 2255, the appropriate remedy is an appeal of that decision and not a habeas corpus petition).

Importantly, Section 2255 is not inadequate or ineffective merely

6

because the sentencing court has previously denied relief. Dorsainvil, 119 F.3d at 251. Nor do legislative limitations like statutes of limitation or gatekeeping provisions render the Section 2255 remedy inadequate or ineffective so as to authorize pursuit of a habeas petition in this court. See, e.g., Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251. Rather, only when a prisoner is in the unusual position of having no earlier opportunity to challenge his conviction or "is being detained for conduct that has subsequently been rendered noncriminal by an intervening Supreme Court decision" is Section 2255 "ineffective" for purposes of providing collateral relief. Dorsainvil, 119 F.3d at 251–52.

To the extent that Petitioner seeks to overcome these Section 2241 barriers by contending that his Section 2255 remedy is inadequate to test the legality of his detention due to the fact that the district court was unwilling to reach the issue of the Petitioner's substantive constitutional claim based on the appellate waiver contained in Petitioner's plea bargain agreement with the United States Attorney's Office, the decision in Howard v. Zickefoose, 2011 WL 3651330 (D.N.J. Aug. 15, 2011) reconsideration denied by, sub nom Brown v. Zickefoose, 2011 WL 5007829 (D.N.J. Oct. 18, 2011) aff'd Brown

v. Zickefoose, 531 Fed.Appx. 219 (3d Cir.2013) (not precedential), is particularly instructive.

In Howard, the Section 2241 petitioner asserted that his federal sentence was improperly enhanced given the Supreme Court's holding in Begay v. United States, 553 U.S. 137 (2008).[1] See Howard, 2011 WL 5007829 at *2. The district court dismissed the petition for lack of jurisdiction. Id. The court observed that it had "no §2241 jurisdiction to second guess the decision of [the petitioner's] federal sentencing court; that has been established time and again in this Circuit." Id. at *4. The court also emphasized that the Circuit has "unambiguously concluded" that collateral claims "based expressly on the holding of Begay ... are insufficient to invoke §2241." Id. (citing Cradle v. United States, 290 F.3d 536, 538–39 (3d Cir. 2002)). The petitioner appealed the district court's decision.

In a non-precedential opinion affirming the district court's dismissal of

---

[1] In Begay, the Supreme Court addressed the definition of "violent felony" for purposes of the Armed Career Criminal Act ("ACCA"). The Court held that a violent felony must be "roughly similar, in kind as well as in degree of risk posed" to burglary, arson, extortion, or crimes involving the use of explosives, noting that these crimes all usually involve "purposeful, violent, and aggressive conduct." 553 U.S. at 142-43. As such, the Court found that although driving under the influence constitutes criminal conduct, it is not a violent felony under the Armed Career Criminal Act. Begay, 553 U.S. at 148.

the petition, the Third Circuit focused not on the jurisdictional issue but instead on the fact of the appellate waiver in Brown's plea agreement. See Brown v. Zickefoose, 531 Fed.Appx. at 221-222. The panel noted that appellate courts "will enforce waivers of constitutional and statutory rights 'provided that they are entered into knowingly and voluntarily and their enforcement does not work a miscarriage of justice.'" Id. at 221 (quoting United States v. Mabry, 536 F.3d 231, 237 (3d Cir. 2008)). Based upon prior analysis of the voluntariness of Brown's guilty plea by the Northern District of Indiana and the Court of Appeals for the Seventh Circuit, the Third Circuit panel concluded that Brown's plea was knowing and voluntary and that enforcement of his broad appellate waiver would not work a miscarriage of justice. Id. Consequently, Brown's appellate waiver was enforced and the Circuit dismissed his habeas application. Id.

Petitioner's appellate waiver is likewise enforceable. In considering the Petitioner's Section 2255 motion, the district court found that Jones had knowingly and voluntarily waived his right to collaterally attack his sentence. (See United States v. Barnes, et al, Criminal Action No. 1:06-cr-0001-DSC (USDC W.D. Pa.) at Doc. 364). This Court likewise concludes that Petitioner's appellate waiver was entered into knowingly and voluntarily, see id, and is

thus enforceable to bar a collateral Section 2241 claim. See Brown v. Zickefoose, 531 Fed.Appx. at 221 (reaching same conclusion where petitioner "was informed of the elements of the charges against him and the penalties he could face, and he indicated that he had not been coerced into pleading by force or threat").

Neither would enforcing the appellate waiver work a miscarriage of justice. See Mabry, 536 F.3d at 237 (observing that courts will enforce appellate waivers "provided that ... their enforcement does not work a miscarriage of justice"). As noted by the Brown court, this exception applies only in "unusual circumstances" when "a sentence was 'imposed in excess of the maximum penalty provided by law or ... based on a constitutionally impermissible factor such as race.'" Brown, 531 Fed. Appx. at 222 (quoting United States v. Khattak, 273 F.3d 557, 562 (3d Cir. 2001)). Petitioner has not suggested that enforcement of the appellate waiver would result in a miscarriage of justice, and this court, like the district court that entertained petitioner's Section 2255 motion, concludes that no circumstances supporting such a finding are present here. See id. (citing Mabry, 536 F.3d at 243 (no miscarriage of justice where the defendant had not been misled as to the sentence he faced or the terms of his plea agreement and challenges to waiver "did not implicate fundamental rights or constitutional principles").

10

Consequently, the Court concludes that Petitioner's appellate waiver is enforceable, precluding him from pursuing collateral relief.

However, even if the Court were to conclude that the appellate waiver is unenforceable, the petition would nonetheless be subject to dismissal for lack of jurisdiction. Petitioner's argument as to why the remedy available pursuant to Section 2255 is "inadequate or ineffective" to address his challenges to his federal sentence is unavailing. As the district court observed in the Brown case, a district court has no Section 2241 jurisdiction to reexamine or second guess the decision of the federal sentencing court; "that has been established time and again in this Circuit." Howard, 2011 WL 3651330 at *4 (citing Rhines v. Holt, 434 F. App'x 67 (3d Cir. 2011) (affirming dismissal of Section 2241 petition for lack of jurisdiction when petitioner argued that he was "actually innocent" of sentencing enhancement applied to him); United States v. McKeithan, 437 F. App'x 148 (3d Cir. 2011) (same); Delgado v. Zickefoose, 430 Fed. App'x 86 (3d Cir. 2011) (same); Florez–Montano v. Scism, 2011 U.S. App. LEXIS 11308, 2011 WL 2160368 (3d Cir. 2011) (same); Edmonds v. United States, 427 Fed. App'x 79 (3d Cir. 2011)).

Further, sentencing enhancement challenges are insufficient to invoke Section 2241. See Cradle, 290 F.3d at 538–39. In Dorsainvil, the Third Circuit

11

held that Section 2241 relief is available where a subsequent statutory interpretation renders a petitioner's conduct of conviction no longer criminal. Dorsainvil, 119 F.3d at 251–52; also Okereke, 307 F.3d at 120 (holding that relief under Section 2241 is only available in "rare situations" where the crime of conviction is later deemed non-criminal). Section 2241 is not available for intervening changes in the law of sentencing. Id. In other words, if a subsequent change in the law alters only an element of sentencing but not the underlying crime of conviction, Section 2241 offers no remedy. See Okereke, 307 F.3d at 120. Here, Petitioner does not allege that the crime for which he was convicted has been rendered non-criminal. Rather, Petitioner contends that his sentence was improperly enhanced. (Doc. 1). Accordingly, the limited Dorsainvil exception is inapplicable, and Section 2241 relief is not available. See Okereke, 307 F.3d at 120 (distinguishing Dorsainvil and dismissing habeas petition for lack of jurisdiction when subsequent statutory interpretation altered an element of sentencing but not the petitioner's conviction). Petitioner has thus failed to show that Section 2255 is inadequate or ineffective to challenge his detention, and his petition pursuant to Section 2241 is subject to dismissal for lack of jurisdiction.

## III. Conclusion

Based on the foregoing, the petition (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. §2241 filed by Petitioner Anthony Jones will be **DISMISSED** for lack of jurisdiction. An appropriate order follows.


       s/ *Malachy E. Mannion*
    **MALACHY E. MANNION**
    **United States District Judge**

**Dated:   April 20, 2015**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-2282-01.wpd